# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FERNANDO GENE FERNANDEZ,**

      **Plaintiff,**

**v.**                                      **Case No: 6:25-cv-2121-CEM-DCI**

**CITY OF ORMOND BEACH, et. al.,**

      **Defendant.**

_____/

## ORDER

Pending before the Court is Plaintiff Fernando Gene Fernandez's "Motion for Permission to Use Electronic Filing (CM/ECF)." Doc. 12 (the Motion). Plaintiff requests relief because Plaintiff has a physical injury and "in-person filing and frequent travel required for paper submissions impose a significant hardship." *Id*. Plaintiff states that electronic filing would allow the efficient and timely submission of documents without physical travel and will "support the orderly progression of this case." *Id*.

The Motion is due to be granted in part. On August 1, 2025, the Middle District of Florida discontinued the web portal—an electronic filing platform for *pro se* litigants.[1] Now, "[a]bsent a court order, a pro se litigant is not permitted to file documents in CM/ECF." United States District Court Middle District of Florida, *Administrative Procedures for Electronic Filing*, at B (4) (Nov.

---

[1] *See* United States District Court Middle District of Florida, *Lawyer Web Portal*, https://apps.flmd.uscourts.gov/cmecf/filings.cfm (last visited on Feb. 25, 2026) ("Litigants without lawyers are not permitted to submit filings through the court's web portal. Instead, litigants without lawyers must submit filings in person, by U.S. Mail, or by other delivery service."); *see also Gillespie v. Wilcox*, 2025 U.S. Dist. LEXIS, at *2 (M.D. Fla. Aug. 11, 2025) ("Previously, the Court operated a web portal that allowed *pro se* litigants to file documents electronically. That service has now ended.").

18, 2025).  And "[p]ro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures."  *See Huminski v. Vermont*, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014); *McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (per curiam) (affirming denial of CM/ECF access for *pro se* litigant because there was "no good cause under the circumstances of the case to authorize his access."); *see also Gerow v. Blackwell*, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) ("The Eleventh Circuit has routinely upheld this district's practice of denying CM/ECF access to pro se litigants absent a showing of good cause.") (citations omitted).

Here, Plaintiff has not demonstrated the existence of extenuating circumstances or good cause to authorize access to file via CM/ECF.  Namely, access for the "progression of this case" is unnecessary because the case is already closed.  There is no longer a case or controversy before the Court and no pending issues.[2]

Further, the Court is not convinced that the filing of documents in person, by U.S. Mail, or by other delivery service will be unduly burdensome and prejudicial.  All *pro se* parties filing in this district are subject to the limitations inherent in paper filing, and the Federal Rules of Civil Procedure account for such processing time by adding three days to the applicable deadlines.  *See* Fed. R. Civ. P. 6(d) (citing Rules 5(b)(2)(C) and 6(a)).  Plaintiff has submitted several filings via

---

[2] *See Bey v. Suncoast Credit Union*, 2025 WL 3451806, at *1 (M.D. Fla. Dec. 1, 2025) (directing the clerk to close the case and denying as moot a motion to file electronically); *Roether v. Georgia*, 2021 WL 3674965, at *3 (S.D. Ga. June 11, 2021), *report and recommendation adopted by*, 2021 WL 2935649 (S.D. Ga. July 13, 2021) (dismissing a complaint, directing the clerk to close the case, and denying as moot a plaintiff's motion for e-filing access); *Winford v. Walton*, 2018 U.S. Dist. LEXIS 238396, at *3 (M.D. Fla. Apr. 6, 2018), *report and recommendation adopted by*, 2018 U.S. Dist. LEXIS 238339 (M.D. Fla. May 15, 2018) (dismissing the complaint and directing the clerk to terminate pending motions including a motion seeking permission to electronically file documents).

U.S. Mail throughout litigation and even after the close of the case.  *See* Docs. 1, 2, 11, 12.

Accordingly, the Court is not persuaded that CM/ECF filing access is necessary.

That said, the Court in its discretion may grant a *pro se* party permission to receive electronic notification of filings.  *Moore v. Adventist Health Sys. Sunbelt Healthcare Corp.*, 2023 WL 4947933, at *1 to 2 (M.D. Fla. Aug. 3, 2023) (authorizing electronic notification of filings for a pro se litigant).  Parties that receive notice of electronic filing receive "an email confirmation of the filing that is sent to each E-filer of record in the case and to any other individual authorized by the Court to receive electronic notifications of case filings."  *Admin. Proc. for Elec. Filing*, at D (1).

To the extent Plaintiff seeks access to the electronically maintained docket system known as "PACER," "[a]ny member of the public can access electronic records of the federal courts by registering online with PACER[.]"  *Rothschild v. Anywhere Advisors LLC*, 2024 WL 2749245, at *1 (M.D. Fla. May 29, 2024).  The Court's Guide for Proceeding Without a Lawyer provides:

> If you have internet access, you may also register for PACER (Public Access to Court Electronic Records) and view and print the documents in a case. To register, go to the PACER registration page on the PACER website (www.pacer.gov) or call (800) 676-6856. Using PACER may cost $.10 a page for viewing or printing. PACER will give you details when you register. Problems with PACER should be addressed to PACER, not to the court.

United States District Court Middle District of Florida, *Guide for Proceeding Without a Lawyer*, p. 13 (Feb. 10, 2022) (available at https://www.flmd.uscourts.gov/sites/flmd/files /documents/flmd-guide-for-proceeding-without-a-lawyer.pdf ).

Finally, the Court dismissed Plaintiff's case without prejudice.  If Plaintiff refiles the case, Plaintiff may renew the request for relief for the Court's consideration.

Accordingly, it is **ORDERED** that:

1.  the Motion (Doc. 12) is **GRANTED in part** to the extent that Plaintiff seeks authorization to receive electronic notification of filing;

2.  the remainder of the Motion (Doc. 12) is **DENIED without prejudice**; and

3.  the Clerk is directed to add Plaintiff's email, admin@midwestbuds.net, to CM/ECF in this matter.

**ORDERED** in Orlando, Florida on February 26, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

4